United States Court of Appeals,

Eleventh Circuit.

No. 97-8917.

In re:  Gary BURKE, Pamela Burke, Debtors.

STATE OF GEORGIA DEPARTMENT OF REVENUE, Plaintiff-Appellant,

v.

Gary BURKE;  Pamela Burke, Defendants-Appellees.

In Re;  Raymond D. HEADRICK, Cynthia J. Headrick, Debtors.

The STATE OF GEORGIA, Department of Revenue, Plaintiff-Appellant,

v.

Raymond D. HEADRICK;  Cynthia J. Headrick, Defendants-Appellees.

July 22, 1998.

Appeal from the United States District Court for the Southern District of Georgia. (Nos. 92-11482-JSD, 94-12007-JSD), Dudley H. Bowen, Jr., Judge.

Before ANDERSON and BIRCH, Circuit Judges, and COHILL[*], Senior District Judge.

ANDERSON, Circuit Judge:

In this consolidated appeal of two separate bankruptcy proceedings, the State of Georgia Department of Revenue ("the State") appeals the district court's affirmance of two bankruptcy court orders denying the State's motion to dismiss and motion for summary judgment based on Eleventh Amendment immunity.  Because we conclude that the State waived its Eleventh Amendment immunity by filing a proof of claim in each of the bankruptcy proceedings, we affirm.

I. FACTS AND PROCEDURAL HISTORY

---

[*]Honorable Maurice B. Cohill, Senior U.S. District Judge for the Western District of Pennsylvania, sitting by designation.

The first bankruptcy case involves Gary and Pamela B. Burke ("the Burkes"). In August 1992, the Burkes sought relief under Chapter 13 of the Bankruptcy Code. The Georgia Department of Revenue filed a proof of claim that included an unsecured priority claim of $12,437.40 for unpaid state income taxes covering the tax years 1980-84. This claim was later adjudged to be a general unsecured claim. After the case was converted to Chapter 7, the bankruptcy court entered a general discharge order releasing the Burkes from liability for all dischargeable debts. Before the case was closed, however, neither party requested that the bankruptcy court determine whether the taxes accrued in 1980-84 were discharged. In May 1994, three months after the entry of the discharge, the Department of Revenue wrote a letter to the Burkes demanding payment of these taxes and warning that nonpayment could result in collection by garnishment, attachment, or levy. The Burkes then reopened their Chapter 7 case and filed an adversary action against the State of Georgia, alleging that the Department of Revenue violated the discharge injunction of 11 U.S.C. § 524(a) by sending the demand letter for unpaid state income taxes.[1] After its motion for summary judgment was denied,[2] the State moved to dismiss the Burkes' action, relying on *Seminole Tribe of Florida v. Florida,* 517 U.S. 44, 116 S.Ct. 1114, 134 L.Ed.2d 252 (1996), and arguing that the relief sought by the Burkes was barred by the Eleventh Amendment. The bankruptcy court initially declined to

[1]Section 524(a) provides in relevant part that "[a] discharge in a case under this title ... (2) operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect, recover or offset any such debt as a personal liability of the debtor, whether or not discharge of such debt is waived." 11 U.S.C. § 524(a) (1993).

[2]In its motion for summary judgment, the State argued that it could not have violated the discharge injunction since the taxes in question were nondischargeable. In an August 9, 1995, order, the bankruptcy court denied this motion, finding that the 1980-84 taxes including accrued interest and penalties were discharged by the discharge order of February 1, 1994. *See In re Burke,* 200 B.R. 282, 284 (Bankr.S.D.Ga.1996). This ruling is not challenged on appeal.

address this issue, relying instead on its finding that the State of Georgia had waived its sovereign immunity by filing a proof of claim against the Burkes' bankruptcy estate. *See In re Burke,* 200 B.R. 282, 287-88 (Bankr.S.D.Ga.1996). In denying the State's motion to alter or amend the previous order, the bankruptcy court concluded that § 106(a)[3] of the Bankruptcy Code unequivocally expressed congressional intent to abrogate states' sovereign immunity for violations of the discharge injunction of § 524 and that § 106(a) was enacted by a valid exercise of power under the Fourteenth Amendment. *See In re Burke,* 203 B.R. 493, 497 (Bankr.S.D.Ga.1996) (reasoning that in light of *Seminole Tribe,* the Bankruptcy Clause of Article I did not empower Congress to abrogate the Eleventh Amendment, but that abrogation could be accomplished under the Fourteenth Amendment). In an alternative holding, the bankruptcy court concluded that even if the State of Georgia was immune from suit for its alleged violations of the discharge injunction, it had waived that immunity by filing a proof of claim against the Burkes. *In re Burke,* 203 B.R. at 497-98.

---

[3]Section 106(a), entitled "Waiver of Sovereign Immunity," provides:

> Notwithstanding an assertion of sovereign immunity, sovereign immunity is abrogated as to a governmental unit to the extent set forth in this section with respect to the following:
>
> (1) Sections ... 362, ... 524....
>
> (2) The court may hear and determine any issue arising with respect to the application of such sections to governmental units.
>
> (3) The court may issue against a governmental unit an order, process or judgment under such sections ... including an order or judgment awarding a money recovery, but not including an award of punitive damages.

11 U.S.C. § 106(a) (Supp.1998).

3

In the second bankruptcy proceeding, Raymond D. and Cynthia J. Headrick ("the Headricks") filed a petition for relief under Chapter 13 of the Bankruptcy Code in December 1994. The Georgia Department of Revenue filed a proof of claim for state income taxes. Thereafter, in October 1995, the Department of Revenue issued an "Official Assessment and Demand for Payment" against the Headricks, and then issued a "Collection Notice" demanding immediate payment of the taxes and warning that nonpayment would result in collection by levy, garnishment, or attachment. Subsequently, the Headricks filed an adversary action against the State of Georgia, alleging that the State's collection attempts violated the automatic stay prescribed by 11 U.S.C. § 362.[4] The State moved for summary judgment, arguing that it was entitled to sovereign immunity and, alternatively, that as a matter of law it had not violated the automatic stay. The bankruptcy court found both grounds to be without merit and denied the motion. *See In re Headrick,* 200 B.R. 963, 965-69 (Bankr.S.D.Ga.1996) (adopting the same reasoning as in *In re Burke,* and thus finding that the State's immunity was abrogated because § 106(a) was enacted by Congress pursuant to a

_____

[4]Section 362(a) provides in relevant part that

> [e]xcept as provided in subsection (b) of this section, a petition filed under section 301, 302, or 303 of this title, ... operates as a stay, applicable to all entities, of (1) the commencement or continuation ... of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title; ... (6) any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case under this title.

11 U.S.C. § 362(a)(1993).

Section 362(h) provides that "[a]n individual injured by any willful violation of a stay provided by this section shall recover actual damages, including costs and attorneys' fees." 11 U.S.C. § 362(h) (1993).

valid exercise of authority under the Fourteenth Amendment, or alternatively, that the State waived its immunity by filing a proof of claim against the debtors). The State's motion to alter or amend the previous order denying summary judgment was denied. *See In re Headrick,* 203 B.R. 805 (Bankr.S.D.Ga.1996). The State of Georgia then appealed the bankruptcy court's orders in *In re Burke* and *In re Headrick* to the District Court for the Southern District of Georgia. In affirming the bankruptcy court's orders, the district court concluded that "the case law now uniformly acknowledges that Congress did not have the power to enact § 106(a) pursuant to those powers granted it under the Bankruptcy Clause of Article I," but that § 106(a) validly abrogates Georgia's sovereign immunity because "the bankruptcy code creates privileges and immunities enforceable by Congress under § 5 of the Fourteenth Amendment." District Court Order, at 6-8 (July 23, 1997).[5] The State of Georgia appeals this order.

## II. DISCUSSION

Our jurisdiction in this case arises from the district court's denial of the State of Georgia's claim to Eleventh Amendment immunity; such a denial grants the State the right of an immediate, interlocutory appeal. *See Puerto Rico Aqueduct and Sewer Auth. v. Metcalf & Eddy, Inc.,* 506 U.S. 139, 147, 113 S.Ct. 684, 689, 121 L.Ed.2d 605 (1993) (applying collateral order doctrine of *Cohen v. Beneficial Indus. Loan Corp.,* 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949)); *see also Seminole Tribe of Florida v. Florida,* 11 F.3d 1016, 1021 (11th Cir.1994); *aff'd,* 517 U.S. 44, 116

---

[5]The district court acknowledged that the issue of waiver was raised by the debtors, but declined to address the issue because the court concluded that the State's Eleventh Amendment immunity was validly abrogated by 11 U.S.C. § 106(a). District Court Order, at 2 (July 23, 1997).

S.Ct. 1114, 134 L.Ed.2d 252 (1996). The grant or denial of a state's sovereign immunity defense is an issue of law subject to *de novo* review by this court. *See Seminole Tribe,* 11 F.3d at 1021.

The Eleventh Amendment states:

> The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

U.S. Const. amend. XI. Although the Eleventh Amendment only expressly prohibits suits against states by citizens of other states, the Supreme Court has long held that the Eleventh Amendment also bars suits brought against a state by its own citizens. *Hans v. Louisiana,* 134 U.S. 1, 15, 10 S.Ct. 504, 507, 33 L.Ed. 842 (1890). However, there are certain well-established exceptions to Eleventh Amendment immunity. First, a state may waive its Eleventh Amendment immunity and consent to suit in federal court. *See Atascadero State Hosp. v. Scanlon,* 473 U.S. 234, 238, 105 S.Ct. 3142, 3145, 87 L.Ed.2d 171 (1985). Second, Congress can abrogate states' Eleventh Amendment immunity if Congress unequivocally expresses an intent to abrogate state immunity and acts pursuant to a valid exercise of power. *See Green v. Mansour,* 474 U.S. 64, 68, 106 S.Ct. 423, 425-26, 88 L.Ed.2d 371 (1985) (citing *Pennhurst State School & Hosp. v. Halderman,* 465 U.S. 89, 99, 104 S.Ct. 900, 907, 79 L.Ed.2d 67 (1984)).

Relying on *Seminole Tribe of Florida v. Florida,* 517 U.S. 44, 116 S.Ct. 1114, 134 L.Ed.2d 252 (1996), the State of Georgia contends that Congress' power to abrogate states' Eleventh Amendment immunity only exists under § 5 of the Fourteenth Amendment and that § 106(a) of the Bankruptcy Code was not enacted pursuant to the Fourteenth Amendment. The debtors[6] respond that § 106(a) validly abrogates states' sovereign immunity because § 106(a) was enacted pursuant

---

[6]We refer to the Burkes and the Headricks collectively as "the debtors."

to § 5 of the Fourteenth Amendment in order to enforce a protected due process property interest or the privileges and immunities of federal citizenship as recognized in § 1 of the Fourteenth Amendment.[7] However, we need not resolve this abrogation issue because assuming arguendo that the State of Georgia has Eleventh Amendment immunity and it has not been validly abrogated by § 106(a), we conclude that in this case the State waived its sovereign immunity by filing a proof of claim in the debtors' bankruptcy proceedings.

*Waiver of Eleventh Amendment Immunity*[8]

---

[7]The amicus curiae, the Business Bankruptcy Law Committee of the New York County Lawyers' Association, contends that Congress has the right to abrogate states' Eleventh Amendment immunity pursuant to the power granted in the Bankruptcy Clause of Article I of the U.S. Constitution. As noted in the text, we need not address the abrogation issue.

[8]We note at the outset of this section that our waiver analysis is not based on 11 U.S.C. § 106(b). Section 106(b) provides that

> [a] governmental unit that has filed a proof of claim in the case is deemed to have waived sovereign immunity with respect to a claim against such governmental unit that is property of the estate and that arose out of same transaction or occurrence out of which the claim of such governmental unit arose.

11 U.S.C. § 106(b) (Supp.1998). We decline to rely on § 106(b) because, in deciding the instant case, we have assumed arguendo that the State of Georgia's Eleventh Amendment immunity has not been validly abrogated by § 106(a) and because we acknowledge that "the power to define waiver can become the functional equivalent of the power to abrogate." *AER-Aerotron v. Texas Dep't of Transp.,* 104 F.3d 677, 681 (4th Cir.1997); *see also Schlossberg v. Maryland Comptroller of the Treasury (In re Creative Goldsmiths of Washington, D.C., Inc.*), 119 F.3d 1140, 1147 (4th Cir.1997) (concluding that the language of § 106(b) "amounts to language of abrogation" and that it is "not within Congress' power to abrogate such immunity by "deeming' a waiver"), *cert. denied,* --- U.S. ----, 118 S.Ct. 1517, 140 L.Ed.2d 670 (1998). However, we note that, although we do not rely on § 106(b) and it does not control our analysis, the language of § 106(b) may well be a correct restatement of the jurisprudence regarding waiver of Eleventh Amendment immunity. *See Wyoming Dep't of Transp. v. Straight (In re Straight),* 143 F.3d 1387 (10th Cir.1998) (concluding that § 106(b) "follows the lead already established by the Supreme Court in *Gardner v. New Jersey* " and "merely codifies an existing equitable circumstance under which a state can choose to preserve its immunity by not

The State of Georgia contends that, under its constitution, only the Georgia General Assembly may waive the State's sovereign immunity, and that waiver is limited to the extent provided in the Georgia Constitution.[9]  Subsection (f) of article I, section 2, paragraph 9 of the Georgia Constitution clearly provides that the constitution's limited waiver of sovereign immunity does not include the State's Eleventh Amendment immunity, and the debtors have identified no legislation providing that the State has waived its Eleventh Amendment immunity for violations of a bankruptcy court's discharge injunction or automatic stay.  However, in the absence of explicit consent by state statute or constitutional provision, a state may consent to a federal court's jurisdiction through its affirmative conduct.  *See Gardner v. New Jersey,* 329 U.S. 565, 573-74, 67 S.Ct. 467, 472, 91 L.Ed. 504 (1947);  *Schlossberg v. Maryland Comptroller of the Treasury (In re*

---

participating in a bankruptcy proceeding or to partially waive that immunity by filing a claim");  *In re Creative Goldsmiths,* 119 F.3d at 1147 (acknowledging that § 106(b) "may correctly describe those actions that, as a matter of constitutional law, constitute a state's waiver of the Eleventh Amendment");  *AER-Aerotron,* 104 F.3d at 683 (Niemeyer, J., concurring) (concluding that although § 106 "may restate the law of Eleventh Amendment waiver, it does not establish the law on the subject").

[9]The Georgia Constitution provides in relevant part that:

(e) Except as specifically provided in this Paragraph, sovereign immunity extends to the state and all of its departments and agencies.  The sovereign immunity of the state and its departments can only be waived by an Act of the General Assembly which specifically provides that sovereign immunity is thereby waived and the extent of such waiver.

(f) No waiver of sovereign immunity under this Paragraph shall be construed as a waiver of any immunity provided to the state or its departments, agencies, officers, or employees by the United States Constitution.

Ga. Const. Art. I., § II, Para. IX (Supp.1997).

8

*Creative Goldsmiths of Washington, D.C., Inc.*), 119 F.3d 1140, 1148-49 (4th Cir.1997), *cert. denied,* --- U.S. ----, 118 S.Ct. 1517, 140 L.Ed.2d 670 (1998).[10]

---

[10]In *In re Creative Goldsmiths,* 119 F.3d at 1148-49, the court analyzed Maryland constitutional and statutory law and concluded that Maryland law did not indicate a waiver of the state's Eleventh Amendment immunity nor grant the Maryland Attorney General the power to waive that immunity by defending a case on the merits. However, after undertaking this analysis, the court separately considered whether the state's filing of a proof of claim in the debtor's bankruptcy proceeding constituted consent to the trustee in bankruptcy's suit in federal court seeking to recover income taxes paid to the state. *Id.* at 1149. The court reasoned that if the state official has authority under state law to file a proof of claim in the debtor's bankruptcy proceeding and thus initiate a federal action, then the court would "look to federal law to determine the scope of waiver attending the state's federal suit." *Id.* at 1148. The court explained that

> The Eleventh Amendment ... presents no bar to a state affirmatively entering a federal forum voluntarily to pursue its own interest. But it would violate the fundamental fairness of judicial process to allow a state to proceed in federal court and at the same time strip the defendant of valid defenses because they might be construed to be affirmative claims *against* the state.... For this reason, we hold that to the extent a defendant's assertions in a state-instituted federal action, including those made with regard to a state-filed proof of claim in a bankruptcy action, amount to a *compulsory* counterclaim, a state has waived any Eleventh Amendment immunity against that counterclaim in order to avail itself of the federal forum.

*Id.* Applying these principles, the court concluded that the trustee's adversary action against the State of Maryland to avoid the payment of the debtor's *corporate* income taxes did not "arise out of the same transaction or occurrence supporting Maryland's proof of claim for *unrelated* [sales and withholding] taxes" and thus the trustee's action could not be "construed under federal law as a claim in the nature of a compulsory counterclaim to the state's proof of claim." *Id.* at 1149 (emphasis added). Therefore, the court held that it did not have authority to entertain the action by the trustee. *Id.* at 1150.

Unlike in *In re Creative Goldsmiths,* the debtors' adversary action in the instant case involves the same state income taxes that the State of Georgia sought to recover by filing proofs of claim in the debtors' respective bankruptcy proceedings. Therefore, we conclude that the debtors' actions for violation of the automatic stay and discharge injunction "arise out of the same transaction or occurrence" as the State's proofs of claim. *See, e.g., In re Price,* 42 F.3d 1068, 1073-74 (7th Cir.1994); *In re Pinkstaff,* 974 F.2d 113, 115 (9th Cir.1992).

In *Gardner v. New Jersey,* 329 U.S. 565, 67 S.Ct. 467, 91 L.Ed. 504 (1947), the Supreme Court addressed the effect of filing a proof of claim in a bankruptcy proceeding on a state's assertion of Eleventh Amendment immunity. In that case, the State of New Jersey filed a proof of claim for unpaid taxes against the debtor. *Id.* at 570, 67 S.Ct. at 470. After the debtor and various creditors filed objections to the state's claim, the trustee in bankruptcy filed a petition for adjudication of the conflicting claims with the bankruptcy court. *Id.* at 571, 67 S.Ct. at 470. The Attorney General of New Jersey thereupon entered a special appearance in the proceedings, contending that the petition "would constitute a prohibited suit against the State." *Id.* In rejecting New Jersey's sovereign immunity argument, the Court concluded that

> It is traditional bankruptcy law that he who invokes the aid of the bankruptcy court by offering a proof of claim and demanding its allowance must abide the consequences of that procedure. If the claimant is a State, the procedure of proof and allowance is not transmitted into a suit against the State because the court entertains objections to the claim. The State is seeking something from the debtor. No judgment is sought against the State.... When the State becomes the actor and files a claim against the fund it waives any immunity which it otherwise might have had respecting the adjudication of the claim.

*Id.* at 573-74, 67 S.Ct. at 472 (citation omitted). *See New York v. Irving Trust Co.,* 288 U.S. 329, 332, 53 S.Ct. 389, 391, 77 L.Ed. 815 (1933) (concluding that "[i]f a state desires to participate in the assets of a bankrupt, she must submit to appropriate requirements by the controlling power; otherwise, orderly and expeditious proceedings would be impossible"); *see also Clark v. Barnard,* 108 U.S. 436, 447-48, 2 S.Ct. 878, 883, 27 L.Ed. 780 (1883) (holding that the State of Rhode Island had waived its sovereign immunity by voluntarily intervening as a claimant to a bankruptcy fund paid into federal court).[11]

---

[11]In a recent decision, the Fifth Circuit Court of Appeals concluded that *Seminole Tribe* "does not and should not impair [the] force" of *Gardner* and *Irving Trust. Texas v. Walker,* 142 F.3d 813 (5th Cir.1998) (relying on *Gardner* and *Irving Trust* in holding that, although the state did

We conclude that the Court's reasoning in *Gardner* applies to the instant cases. *See Dekalb County Div. of Family and Child Servs. v. Platter (In re Platter),* 140 F.3d 676 (7th Cir.1998) (applying *Gardner* and rejecting the State of Indiana's Eleventh Amendment immunity defense because a state agency had initiated an adversary proceeding in bankruptcy court against the debtor seeking a ruling that the debt owed to the agency was nondischargeable). In *In re Headrick,* the State of Georgia invoked the aid of the bankruptcy court by filing a proof of claim for unpaid state income taxes in the Headricks' bankruptcy proceeding. However, after the bankruptcy court entered an automatic stay order in the case to prevent creditors from attempting to collect on the Headricks' debts, the State sent a collection notice and official assessment to the Headricks. We conclude that the substance of the Headricks' action is a motion to enforce the bankruptcy court's automatic stay order. Enforcement of this order is merely the bankruptcy court's exercise of its jurisdiction over the State in the course of adjudicating the proof of claim filed by the State in the Headricks' bankruptcy proceeding. Similarly, in *In re Burke,* the Burkes' action is in substance one to enforce the discharge injunction entered by the bankruptcy court. We note that in *In re Burke,* the State of Georgia sent a demand letter to the Burkes after the Burkes' bankruptcy proceeding was closed. Therefore, the Burkes reopened their bankruptcy case in order to file an adversary action against the State. We conclude that the bankruptcy court retained jurisdiction over the State in order to enforce the judgment it had entered as part of adjudicating the State's claim in the Burkes' bankruptcy case.

The Supreme Court's decision in *Gardner* establishes that, by filing a proof of claim in the debtors' respective bankruptcy proceedings, the State waived its sovereign immunity for purposes

---

not file a proof of claim in the debtor's bankruptcy proceeding, the debtor could raise discharge as an affirmative defense against the state's suit on the debt).

of the adjudication of those claims. We hold that this waiver includes the bankruptcy court's enforcement of the discharge injunction and the automatic stay in the instant cases. We believe that the enforcement of the bankruptcy court's orders in both of the instant cases falls easily within the waiver of immunity "respecting the adjudication of the claim" found by the Supreme Court in *Gardner,* 329 U.S. at 574, 67 S.Ct. at 472. We emphasize that our holding regarding the State's waiver of Eleventh Amendment immunity is quite narrow because the debtors seriously seek to recover only the costs and attorneys' fees incurred in enforcing the bankruptcy court's automatic stay and discharge injunction.[12] Therefore, addressing only the live issues in this case, we hold that the State of Georgia has waived its Eleventh Amendment immunity to the extent of the attorneys' fees and costs incurred by the debtors in enforcing the bankruptcy court's automatic stay and discharge injunction.[13]

## III. CONCLUSION

---

[12]The district court noted that "the Burkes and the Headricks will have difficulty proving that they suffered any *real* damage from the Revenue Department's actions, which amounted to nothing more than sending a few collection letters. Perhaps only nominal damages will flow from the Revenue Department's actions." District Court Order, at 8 n. 3 (July 23, 1997). At oral argument, the debtors' attorney conceded that there was no indication that damages in the two cases would go beyond the costs and attorneys' fees incurred in enforcing the bankruptcy court's automatic stay and discharge injunction.

[13]In dicta, the court in *In re Creative Goldsmiths,* 119 F.3d at 1148, indicated that "to the extent a defendant's assertions in a state-instituted federal action, including those made with regard to a state-filed proof of claim in a bankruptcy action, amount to a *compulsory* counterclaim, a state has waived any Eleventh Amendment immunity against the counterclaim in order to avail itself of the federal forum." In the instant case, we need not address whether the scope of the State's waiver of Eleventh Amendment immunity extends to the full scope indicated by the Fourth Circuit in *In re Creative Goldsmiths.*

For the foregoing reasons, we affirm the district court's affirmance of the bankruptcy court's orders denying the State of Georgia's motion to dismiss in *In re Burke* and its motion for summary judgment in *In re Headrick.*

AFFIRMED.