### In re MCA FINANCIAL CORP., Debtor.

### First Union National Bank, Plaintiff,

### v.

### MCA Financial Corp., et al., Defendant.

**Bankruptcy No. 99–42172–R.**
**Adversary No. 99–4158–R.**

United States Bankruptcy Court,
E.D. Michigan,
Southern Division.

June 16, 1999.

Marilyn Mitchell, Detroit, MI, for plaintiff.

Nancy Piggush, Asst. Attorney General, Finance & Development Div., Lansing, MI, Ralph McDowell, Detroit, MI, for debtor/defendants.

## OPINION AND ORDER DENYING MOTION TO DISMISS

STEVEN W. RHODES, Bankruptcy Judge.

This matter is before the Court on a motion filed by one of the defendants, the Michigan State Housing Development Authority ("MSHDA"), to dismiss the adversary complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) and the Eleventh Amendment. The plaintiff, First Union National Bank, filed an objection to the motion.

The Court concludes that the complaint does allege facts upon which relief can be granted against MSHDA and that MSHDA waived its Eleventh Amendment immunity by filing a motion for relief from the stay. Accordingly, MSHDA's motion to dismiss is denied.

### I.

First Union is an indenture trustee pursuant to an indenture dated December 30, 1994, whereby MCA issued and sold debentures in the original amount of $5,000,-000. In 1995, the indenture was amended

to authorize an increase in the principal amount to $10,000,000. The current amount outstanding is approximately $9,900,000.

As security for MCA's repayment, MCA executed a security agreement dated January 31, 1995 in favor of First Union, which granted First Union a security interest in servicing rights, contracts, accounts, loan collateral, escrow accounts, books and records, and proceeds (collectively referred to as the "collateral").

On March 9, 1999, First Union filed this adversary proceeding to determine the validity, extent and priority of liens. First Union contends that its security interest in the collateral has priority over any interest asserted by any of the defendants.

## II.

MSHDA contends that the complaint should be dismissed under Rule 12(b)(6) because it does not set forth any factual allegations directed at MSHDA. MSHDA also contends that, as a state agency, it has sovereign immunity under the Eleventh Amendment.

First Union argues that its complaint does set forth a claim against MSHDA because MSHDA has asserted an interest in collateral in which First Union claims a superior interest. Moreover, First Union contends that MSHDA has waived its sovereign immunity by its actions in this adversary case and in the bankruptcy proceeding.

## III.

■ Rule 12(b)(6), made applicable to adversary proceedings by Fed.R.Bankr.P. 7012(b), states in pertinent part:

[T]he following defenses may at the option of the pleader be made by motion: ... (6) failure to state a claim upon which relief can be granted[.]

Fed.R.Civ.P. 12(b)(6).

"The purpose of Rule 12(b)(6) is to allow a defendant to test whether, as a matter of law, the plaintiff is entitled to legal relief even if everything alleged in the complaint is true." *Mayer v. Mylod,* 988 F.2d 635, 638 (6th Cir.1993). " '[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.' " *Id.* (quoting *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957)).

MSHDA contends that the second amended complaint has no specific allegations with respect to MSHDA and should therefore be dismissed. MSHDA also contends that it terminated its servicing agreement with MCA prior to the bankruptcy filing and that First Union has not set forth any facts which would support its claim of interest in the mortgages in which MSHDA asserts an interest.

Beginning at paragraph nine of the second amended complaint, First Union describes the parties to the complaint. With respect to the defendants, First Union alleges generally that each defendant is a business entity that asserts or may assert an interest in certain mortgages that were or are in the possession of one or all of the debtors. MSHDA has asserted an ownership interest in mortgages and records in which First Union claims an interest. Thus, MSHDA would be included in the category of business entities that assert an interest in certain mortgages.

Additionally, the relief requested by First Union includes:

(iii) declaring that any claim, lien or interest asserted by any of the Defendants in or against the Collateral is subject and subordinate to the Indenture Trustee's liens and interests in the Collateral.

(Second Amended Complaint at 11.)

Again, MSHDA has asserted a claim in the collateral, and First Union seeks a determination that its interest in the collateral is superior to that of parties asserting claims. The complaint does state a claim upon which relief can be granted and

therefore will not be dismissed pursuant to Rule 12(b)(6).

## IV.

The Eleventh Amendment to the United States Constitution provides:

> The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

U.S. Const. Amend. XI.

 The state's immunity, however, may be waived, and a state may consent to suit in federal court.[1] Consent must be in the form of an "unequivocal indication." *Atascadero State Hosp. v. Scanlon,* 473 U.S. 234, 242, 105 S.Ct. 3142, 3146, 87 L.Ed.2d 171 (1985) (Citation omitted.). "A State waives its immunity and consents to suit in federal court by specific declaration or by act, such as filing a general appearance, or by becoming a plaintiff or intervenor in a federal lawsuit." *Scarborough v. Michigan (In re Scarborough),* 229 B.R. 145, 148 (Bankr.W.D.Mich.1999) (citing *Grabscheid v. Michigan Employment Sec. Comm'n. (In re C.J. Rogers, Inc.),* 212 B.R. 265 (E.D.Mich.1997)).

In *Gardner v. New Jersey,* 329 U.S. 565, 67 S.Ct. 467, 91 L.Ed. 504 (1947), the Supreme Court addressed the effect of filing a proof of claim in a bankruptcy proceeding on a state's assertion of Eleventh Amendment immunity. There, the State of New Jersey had filed a proof of claim for unpaid taxes against the debtor. After the debtor and several creditors filed objections to the state's claim, the bankruptcy trustee filed a petition for adjudication of the conflicting claims with the bankruptcy court. The New Jersey Attorney General argued that the petition "would constitute a prohibited suit against the State." *Id.* at 571, 67 S.Ct. at 470. In rejecting the State's argument, the Supreme Court stated:

> It is traditional bankruptcy law that he who invokes the aid of the bankruptcy court by offering a proof of claim and demanding its allowance must abide the consequences of that procedure. If the claimant is a State, the procedure of proof and allowance is not transmitted into a suit against the State because the court entertains objections to the claim. The State is seeking something from the debtor. No judgment is sought against the State. The whole process of proof, allowance, and distribution is, shortly speaking, an adjudication of interests claimed in a res. It is none the less such because the claim is rejected in toto, reduced in part, given a priority inferior to that claimed, or satisfied in some way other than payment in cash. When the State becomes the actor and files a claim against the fund it waives any immunity which it otherwise might have had respecting the adjudication of the claim.

*Id.* at 573–74, 67 S.Ct. at 472 (citations omitted).

 Although in the instant case MSHDA has not filed a proof of claim, the rationale of *Gardner* is applicable. MSHDA did file a motion for relief from stay in which it sought a determination of its rights in the servicing files and records and sought turnover of those records. In First Union's complaint, it seeks a determination that its rights in those same records are superior to MSHDA's asserted rights. It would be anomalous to permit MSHDA to come before this Court to as-

---

1. The court notes that First Union does not rely upon the attempt by Congress to abrogate MSHDA's sovereign immunity in 11 U.S.C. § 106. Accordingly, the Court will not address either the application or the constitutionality of § 106. *See, e.g., Sacred Heart Hospital of Norristown v. Pennsylvania (In re Sacred Heart Hospital of Norristown),* 133 F.3d 237 (3rd Cir.1998); *Schlossberg v. Maryland (In re Creative Goldsmiths of Wash. D.C., Inc.),* 119 F.3d 1140 (4th Cir.1997); *Grabscheid v. Michigan Employment Sec. Comm'n. (In re C.J. Rogers, Inc.),* 212 B.R. 265 (E.D.Mich.1997).

sert its rights in property while at the same time denying other parties the opportunity to assert rights in the same property.

In similar circumstances, the court in *Schlossberg v. Maryland (In re Creative Goldsmiths of Wash. D.C., Inc.)*, 119 F.3d 1140 (4th Cir.1997), considered whether the state's filing of a proof of claim constituted consent to the bankruptcy trustee's suit seeking to recover income taxes paid to the state. The court reasoned:

> The Eleventh Amendment ... presents no bar to a state affirmatively entering a federal forum voluntarily to pursue its own interest. But it would violate the fundamental fairness of judicial process to allow a state to proceed in federal court and at the same time strip the defendant of valid defenses because they might be construed to be affirmative claims against the state.

*Id.* at 1148. *See also Clark v. Barnard*, 108 U.S. 436, 447–48, 2 S.Ct. 878, 882–84, 27 L.Ed. 780 (1883). ("[A] State's voluntary intervention in a federal court action to assert its own claim constitute[s] a waiver of the Eleventh Amendment."); *Gunter v. Atlantic CoastLine Railroad Co.*, 200 U.S. 273, 284, 26 S.Ct. 252, 50 L.Ed. 477 (1906)("[W]here a State voluntarily becomes a party to a cause and submits its rights for judicial determination, it will be bound thereby and cannot escape the result of its own voluntary act by invoking the prohibitions of the Eleventh Amendment."); *Georgia Dept. of Rev. v. Burke (In re Burke)*, 146 F.3d 1313 (11th Cir. 1998); *Wyoming Dept. of Transp. v. Straight (In re Straight)*, 143 F.3d 1387, 1389 (10th Cir.1998)("[A]ny governmental entity which elects to join the ranks of creditors seeking benefits the bankruptcy court can allocate must recognize that resort is subject to the mantle of equity."); *Skehan v. Board of Trustees*, 669 F.2d 142, 148 (3d Cir.1982) (noting that the state may waive its sovereign immunity "by a general or voluntary appearance in federal

court by an officer of the state, such as the attorney general").

By filing its motion for relief from stay, MSHDA acted affirmatively and voluntarily to invoke this Court's jurisdiction to protect its interests in property. It therefore waived its Eleventh Amendment immunity with regard to this Court's determination of the respective rights and interests in that property.

Accordingly, it is ordered that MSHDA's motion to dismiss the complaint is denied.