**In re Gary BURKE and Pamela B. Burke, Debtors.**

**Gary Burke and Pamela B. Burke, Plaintiffs,**

**v.**

**State of Georgia Department of Revenue, Defendant.**

**Bankruptcy No. 92–11482. Adversary No. 95–01050A.**

United States Bankruptcy Court, S.D. Georgia, Augusta Division.

Feb. 1, 2001.

Angela McElroy Magruder, Augusta, GA, for Plaintiff.

Shereen M. Walls, Assistant Attorney General, Atlanta, GA, for Defendant.

## *ORDER*

JOHN S. DALIS, Chief Judge.

This matter comes before the Court on Plaintiffs' Motion for Summary Judgment and Defendant's Cross Motion for Summary Judgment. The issue presented is whether there has been a violation of the discharge injunction of 11 U.S.C. Section 524(a) and the determination of damages and/or sanctions. Plaintiffs' motion asserts that I previously found that the Defendant violated the discharge injunction and that trial on the issue of damages should be scheduled. Defendant's response and cross motion for summary judgment asserts that the damages or sanctions, if any, will be limited to attorney fees and costs. Defendant also argues that an award of damages or sanctions would not be appropriate under the facts of this case. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

The facts and procedural history of this case are as follows. Plaintiffs filed a

Chapter 13 case on August 14, 1992. On December 1, 1992, Defendant ("Georgia") filed a proof of claim for outstanding tax liabilities for several tax years. Plaintiffs filed an objection to the proof of claim. On May 18, 1993, I entered an Order on Plaintiffs' Objection which held that Georgia's tax claim for the 1980–1984 tax years was a general unsecured claim. I also held that Georgia's tax claim for the 1990 tax year was a priority claim. Georgia did not appeal that Order. On July 20, 1993, Plaintiffs converted their case to chapter 7 and a discharge was entered on February 1, 1994. After the discharge was entered, Georgia sent Plaintiffs a collection letter dated May 3, 1994, demanding payment of the nondischarged 1990 taxes as well as the discharged taxes for the 1980 through 1984 tax years.

Plaintiffs' filed a Motion to Reopen their chapter 7 case. That motion was granted and an Order was entered on March 7, 1995. Plaintiffs subsequently filed this adversary proceeding alleging a violation of the Section 524(a) discharge injunction. On August 9, 1995, I entered an Order which held that the 1990 taxes were not discharged, but the 1980–1984 tax liabilities, penalties, and interest were discharged in the chapter 7 case. Subsequently, Georgia filed a Motion to Dismiss this adversary proceeding asserting sovereign immunity and that it did not commit a willful violation of the discharge injunction as a matter of law. On September 6, 1996, I entered an Order denying the Motion to Dismiss finding that Georgia waived its Eleventh Amendment sovereign immunity by filing a proof of claim against the bankruptcy estate. I also found that Georgia violated the discharge injunction by making post-discharge collection efforts on discharged debts. *Burke v. State of Georgia, Dept. of Revenue (In re Burke)*, 200 B.R. 282 (Bankr.S.D.Ga.1996).

Georgia filed a Motion to Alter or Amend the September 6, 1996, Order asserting that the waiver of immunity provision expressly provided in 11 U.S.C. Section 106 was unconstitutional. I denied the Motion to Alter or Amend on December 16, 1996, and found that by filing of a proof of claim in the bankruptcy case, Georgia voluntarily subjected itself to the Court's equitable power which included enforcement of the discharge injunction. *Burke v. State of Georgia, Dept. of Revenue (In re Burke)*, 203 B.R. 493 (Bankr. S.D.Ga.1996).

Georgia subsequently appealed the matter on the issue of sovereign immunity. By Order dated July 23, 1997, the District Court affirmed and held that Section 106(a) validly abrogated Georgia's Eleventh Amendment immunity. *State of Georgia, Dept. of Revenue v. Burke (In re Burke)*, No. CV197–42, slip op. (S.D.Ga. Jul. 23, 1997). The matter was then appealed to the Eleventh Circuit Court of Appeals which held that Georgia waived its Eleventh Amendment immunity by filing a proof of claim in the bankruptcy case and that the Bankruptcy Court retained jurisdiction over Georgia in order to enforce the discharge injunction. *State of Georgia Dept. of Revenue v. Burke (In re Burke)*, 146 F.3d 1313 (11th Cir.1998). On appeal to the United States Supreme Court, the petition for a writ of certiorari was denied. *Georgia Dept. of Revenue v. Burke (In re Burke)*, 527 U.S. 1043, 119 S.Ct. 2410, 144 L.Ed.2d 808 (1999).

The matter is now before this Court on remand. At a status conference Plaintiffs announced that they were ready for trial. Georgia asserts that I must first determine if there has been a violation of the discharge injunction. If the Court finds a violation, Georgia argues that the holding of the Eleventh Circuit limits any recovery to attorney fees and costs. Georgia then contends that such an award would not be appropriate under the facts of this case. Subsequently, the parties filed Motions for Summary Judgment on the issue of violation of the discharge injunction and the determination and extent of damages.

Summary judgment is appropriate when there is no dispute as to any material fact

and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); *Combs v. King*, 764 F.2d 818, 827 (11th Cir.1985). The moving party bears the burden of proof and may do so by showing that an essential element of the non-movant's case is lacking. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). "[A] party seeking summary judgment always bears the initial responsibility of informing the ... court of the basis for its motion, and identifying those portions of the 'pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Id.* at 2553 (quoting Fed.R.Civ.P. 56(c)). Once the moving party has properly supported its motion with such evidence, the party opposing the motion " 'may not rest upon the mere allegations or denials of his pleading, but ... must set forth specific facts showing that there is a genuine issue for trial.' " *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986) (quoting *First Nat'l Bank of Arizona v. Cities Service Co.*, 391 U.S. 253, 88 S.Ct. 1575, 20 L.Ed.2d 569 (1968) and Fed.R.Civ.P. 56(e)). "In determining whether the movant has met its burden, the reviewing court must examine the evidence in a light most favorable to the opponent of the motion. All reasonable doubts and inferences should be resolved in favor of the opponent." *Amey, Inc. v. Gulf Abstract & Title, Inc.*, 758 F.2d 1486, 1502 (11th Cir.1985) (citations omitted), *cert. denied*, 475 U.S. 1107, 106 S.Ct. 1513, 89 L.Ed.2d 912 (1986). "Summary judgment may be inappropriate even where the parties agree on the basic facts, but disagree about the factual inferences that should be drawn from these facts. If reasonable minds might differ on the inferences arising from undisputed facts, then the court should deny summary judgment." *Warrior Tombigbee Transp. Co., Inc. v. M/V Nan Fung*, 695 F.2d 1294, 1296–97 (11th Cir.1983) (citations omitted).

Summary judgment is an extreme remedy and should not be granted unless the movant establishes "his right to a judgment with such clarity as to leave no room for controversy and that the other party is not entitled to recover under any discernible circumstances." *Robert Johnson Grain Co. v. Chemical Interchange Co.*, 541 F.2d 207, 209–10 (8th Cir.1976).

The first issue to be addressed is whether Georgia violated the discharge injunction of 11 U.S.C. Section 524(a). As to a debt in a chapter 7 case, a discharge entered by the bankruptcy court "operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect, recover or offset any such debt as a personal liability of the debtor, whether or not discharge of such debt is waived." 11 U.S.C. § 524(a)(2). Georgia violated the discharge injunction by attempting to collect the 1980 through 1984 discharged taxes. The material facts supporting this violation are not in dispute. During the pendency of the bankruptcy case, I entered an Order on May 18, 1993, sustaining Plaintiffs' objection to the status of Georgia's proof of claim. That Order, which was not appealed, found that Georgia's claim for the 1980 through 1984 tax years was a general unsecured claim. The discharge order was entered on February 1, 1994, and included the unsecured tax claim. Georgia does not dispute that it received notice of Plaintiffs' discharge. Despite knowledge of the discharge, Georgia issued a post-discharge collection letter to Plaintiffs demanding payment for the discharged 1980 through 1984 tax obligations. I find that these actions constitute a violation of the discharge injunction under Section 524(a).

This is not the first time I have considered the issue of Georgia's violation of the discharge injunction as I addressed this issue in several orders throughout the history of this case. In my Order dated August 9, 1995, I stated that, "I find no provision for general unsecured tax claims

in the statutory exceptions to discharge found in § 523. Consequently, the unsecured claim is subject to the discharge order and the Department of Revenue, as a pre-petition creditor, may not collect discharged debts." *Burke v. State of Georgia, Dept. of Revenue (In re Burke)*, Chapter 7 Case No. 92–11482, Adv. Proc. No. 95–1050, slip op. at 7 (Bankr.S.D.Ga. Aug. 9, 1995). In the Order denying Georgia's Motion to Dismiss dated September 6, 1996, I stated, "It is also undisputed that Georgia, with full knowledge of the Debtor's discharge, instituted collection actions for prebankruptcy debts without first seeking a determination of dischargeability of those debts under § 523 . . . Georgia violated the discharge injunction of § 524 by making post-discharge collection efforts on discharged debts." *Burke v. State of Georgia*, 200 B.R. at 288. Finally, in my Order denying Georgia's Motion to Alter or Amend, I stated:

> After submitting its tax claim to the jurisdiction of this court, Georgia allegedly attempted to collect the taxes in willful contravention of the discharge injunction to which Georgia had, at least, subjected itself by participating in the bankruptcy process. By submitting itself to this court's claim adjudication process, Georgia admittedly subjected itself to the court's authority to determine the amount of the claim, the priority of payment of the claim from assets of the Chapter 7 estate, and the dischargeability of all or part of the claim asserted.

*Burke v. State of Georgia*, 203 B.R. at 497.

Georgia violated the Section 524 discharge injunction. Because there are no material facts in dispute on this issue, summary judgment is appropriate. Accordingly, summary judgment will be granted in favor of the Plaintiffs on the issue of violation of the discharge injunction.

The next issue I must consider is the extent, if any, of sanctions to be imposed and/or damages suffered by the Plaintiffs as a result of Georgia's violation of the discharge injunction. A court is authorized to hold a creditor in contempt and to award attorney fees for violation of the discharge injunction. See *Matthews v. United States (In re Matthews)*, 184 B.R. 594, 599 (Bankr.S.D.Ala.1995). Plaintiffs' complaint prays that I hold Georgia in civil contempt for willful violation of the discharge injunction and that Plaintiffs be granted all actual and special damages, including costs and attorney fees, that may be proven at trial. Georgia responds by asserting that the holding of the Eleventh Circuit Court of Appeals limits any recovery by the Plaintiffs to attorney fees and costs. Georgia then contends that the imposition of any sanctions is not warranted under the facts of this case.

In order to place Georgia's argument that any recovery would be limited to attorney fees and costs in perspective, the history of the case and the issues on appeal must be considered. The issues raised throughout the history of the case addressed Georgia's waiver of sovereign immunity and this Court's jurisdiction to enforce the discharge injunction. There has not been any evidence regarding damages presented to this Court or to the Appellate Courts. Although the issue of damages was not presented, the District Court commented that proving damages may be problematic for the Plaintiffs. Specifically, District Judge Bowen stated in footnote number three (3):

> It is beside the point but worth noting that the Burkes and the Headricks will have difficulty proving that they suffered any *real* damage from the Revenue Department's actions, which amounted to nothing more than sending a few collection letters. Perhaps only nominal damages will flow from the Revenue Department's actions.

*State of Georgia v. Burke*, No. CV197–42, slip op. at 8 (S.D.Ga. Jul. 23, 1997). While this footnote acknowledges the difficulty Plaintiffs may have in proving damages, it does not preclude Plaintiffs from trying.

Georgia contends that the holding of the Eleventh Circuit Court of Appeals limits

any recovery to attorney fees and costs. Specifically, the Eleventh Circuit stated the following:

> We emphasize that our holding regarding the State's waiver of Eleventh Amendment immunity is quite narrow because the debtors seriously seek to recover only the costs and attorneys' fees incurred in enforcing the bankruptcy court's automatic stay and discharge injunction. [FN12] Therefore, addressing only the live issues in this case, we hold that the State of Georgia has waived its Eleventh Amendment immunity to the extent of the attorneys' fees and costs incurred by the debtors in enforcing the bankruptcy court's automatic stay and discharge injunction.

*In re Burke*, 146 F.3d at 1319–20. This holding must be read in context with footnote number twelve (12) which was inserted between the two sentences. In that footnote, the Eleventh Circuit quoted District Judge Bowen's comment on damages and then stated:

> At oral argument, the debtors' attorney conceded that there was no indication that damages in the two cases would go beyond the costs and attorneys' fees incurred in enforcing the bankruptcy court's automatic stay and discharge injunction.

*Id.* at 1320, n. 12. Therefore, the Eleventh Circuit's holding expounded on the District Court's comment regarding damages and was based on Plaintiffs' counsel's remarks at oral argument that there was no indication that damages would go further than attorney fees and costs. All of these comments and discussions regarding damages were made before the Plaintiffs had an opportunity to present any evidence of damages.

The issues presented by Georgia on appeal were jurisdictional which addressed the abrogation of sovereign immunity under Section 106 of the Bankruptcy Code and Georgia's waiver of immunity by filing a proof of claim against the bankruptcy estate. In its opinion, the Eleventh Cir-

cuit also found that this Court retained jurisdiction over Georgia to enforce the judgment entered as part of adjudicating Georgia's claim in the bankruptcy case. *Id.* at 1319. Georgia violated the discharge injunction by sending Plaintiffs a collection letter for discharged taxes. The equitable powers of this Court include enforcement of the discharge injunction, which may include damages or sanctions for violation of the injunction. Plaintiffs are now asking for the opportunity to present evidence of the damages suffered and to argue for sanctions for Georgia's violation of the discharge of injunction. Plaintiffs must be allowed that opportunity. The holding of the Eleventh Circuit was premised on the District Court's comment regarding the difficulty Plaintiffs may have in proving damages and the comments made at oral argument, all of which occurred prior to Plaintiffs having any opportunity to present any evidence on this issue.

■ Finally, I must address Georgia's argument that under the facts of this case, any award of damages or sanctions is not appropriate. I must consider Georgia's actions in light of the Eleventh Circuit's test for determining willfulness in violations of the Section 524 discharge injunction. In the case of *Hardy v. United States (In re Hardy)*, 97 F.3d 1384 (11th Cir.1996), the Eleventh Circuit adopted a two-part test. Georgia willfully violates the discharge injunction if it knows the injunction is in place and intends the actions that violate the injunction. *Id.* at 1390. Georgia alleges that there must be some type of egregious conduct and repeated violations of the discharge injunction before it could be held in contempt and the Court could award sanctions. See *Jove Engineering, Inc. v. IRS*, 92 F.3d 1539 (11th Cir.1996); *Hardy v. United States, supra.* Georgia asserts that the May 3, 1994 letter was its only post-discharge collection effort and it included collection for the nondischarged 1990 taxes. Georgia also asserts that it had the right to pursue collection of the discharged taxes because Plaintiffs failed to file tax re-

turns for those years. On the other hand, Plaintiffs allege that they suffered damages, such as mental anguish, as a result of Georgia's actions.

Essentially, Georgia argues that its actions do not rise to the level of conduct needed for a court to find willfulness and to award any damages or sanctions. Plaintiffs dispute this contention. The inferences that can be drawn from the facts of the case regarding willfulness and the extent of damages for violation of the discharge injunction differ. A determination of the extent of damages or sanctions, if any, raises issues of material fact which remain in dispute and the matter is not ripe for summary judgment. Accordingly, Defendant's cross motion for summary judgment on the issue of whether and if so, the extent of damages or sanctions will be denied.

It is therefore ORDERED that

1) Plaintiffs Motion for Summary Judgment on the issue of violation of the discharge injunction is granted; and

2) Defendant's Cross Motion for Summary Judgment on the issue of the determination and extent of damages is denied; and

3) the matter will be set for trial.