WHITLOW vs. THE STATE OF GEORGIA.

| 74 | 819 |
| 109 | 815 |
| 74 | 819 |
| 118 | 43 |
| 74 | 819 |
| e122 | 791 |

1. The evidence is abundant to maintain the verdict of guilty of the crime of burglary.

2. The wife of one of two persons charged with a crime may testify against the other, he being severally and separately tried. The state could sever on the trial for the very purpose of introducing. her testimony. 58 *Ga.*, 577; 69 *Id.*, 11.

3. There was no error in summing up the testimony and saying to the jury that they might consider such facts in making up their verdict, with the caution that the judge expressed no opinion nor intimated any thereon, or on the sufficiency of the evidence to convict, and did not mean to confine the jury to his summing up, but that they should consider all the evidence in the case.

4. Whether the prosecutor had good or bad feelings towards the defendant, might bear on his credibility as a witness, or on the question of fixing costs upon him, if the defendant were not guilty and the prosecution malicious, but could not otherwise affect the question of the defendant's guilt or innocence. 67 *Ga.*, 29.

Judgment affirmed.

March 17, 1885.

JACKSON, Chief Justice.

[Defendant and Henry Bailey were indicted for burglary.

Defendant was tried separately, and was convicted. He moved for a new trial, on the following among other grounds:

(1.) Because the verdict was contrary to law and evidence.

(2.) Because the court permitted the wife of Henry Bailey to testify as a witness for the state, Bailey and defendant being jointly indicted, but defendant being tried separately.

(3.) Because the court charged as follows : " In the next place, inquire whether the defendant is the guilty party or not. Did he break and enter the house, as alleged? Was the defendant in the vicinity where the crime, if any, was committed? Have the possession and condition of the socks been satisfactorily explained by defendant?"

(The court also charged that he neither expressed nor in-

timated any opinion on the evidence or the sufficiency of it to convict, and that he did not mean to confine them to his summing.up, but they should consider all the evidence in the case.)

(4.) Because the court charged that the jury should convict the defendant, even if they believed the prosecution was carried on in bad faith, provided the evidence satisfied them of his guilt, without instructing them that a malicious prosecution should be considered by them in judging of the credibility of the state's witnesses. (The court charged that, in judging of the credibility of witnesses, the jury should consider their interest in the case, their prejudices and the motives under which they testify.)

The motion was overruled, and defendant excepted.]