## WALKER *v.* THE STATE.

CANDLER, J. 1. The facts appearing in the present record are substantially the same as in the record of the case brought to this court at the last term, when the law applicable thereto was decided. *Walker* v. *State,* 122 *Ga.* 747.

2. Where the allegations of an indictment are legally sufficient to describe and define the criminal act charged, it is not error for the court to instruct the jury that upon proof of these allegations beyond a reasonable doubt, the jury is under a duty to convict.

3. A charge that if one took orders for the sale of whisky at the time and place and in the manner alleged in the indictment, he would be guilty of the offense defined in the Penal Code, § 428, is not rendered erroneous because the court did not charge, in immediate connection therewith, that if the defendant acted as agent of the buyer in the transaction, he would not be guilty, it appearing that the court did elsewhere in the charge

7

state this proposition in the language of a written request preferred by the defendant's counsel.

4. While it is the duty of the court, whether requested or not, to charge the jury the appropriate law on the substantial issues of a case, yet a defendant who submits a written request for a charge on a material issue, which charge as requested is given to the jury, can not complain that the proposition therein embraced should have been elaborated by the court.

5. When evidence is offered and its admissibility is challenged, counsel may state the reason why such testimony should be allowed; and if what he says is in good faith and not calculated to prejudice the jury, it affords no ground for declaring a mistrial, and the objecting party can not justly complain thereof, especially when the court instructs the jury that they should not be influenced thereby.

*Judgment affirmed. All the Justices concur.*

Argued October 18,—Decided November 9, 1905.

Indictment for misdemeanor. Before Judge Burch. City court of Dublin. September 4, 1905.

The accusation charged that the accused "did contract to sell, solicit, and take orders for the sale of spirituous, malt, and intoxicating liquors." From the testimony of several witnesses it appeared, that he was the manager, at Dublin, of a long-distance telephone line; and that upon various occasions, upon the witnesses coming to his office and signifying their desire to order whisky from Macon, he furnished to them a blank form for an order (which sometimes he filled) and with a stamped envelope in which they placed a money order to pay for the whisky and deposited it in the mail box in the office; whereupon the accused telephoned the order to Macon, and the message was paid for by the person or firm in Macon to whom it was sent, the whisky ordered being received by the purchaser in Dublin on the same or the next day. The accused contended that in all of such transactions he acted merely as the agent of the persons ordering the whisky, and never as agent of the sellers. After verdict of guilty, a motion for a new trial was overruled, and the accused excepted. The motion alleges that the verdict is contrary to law and evidence; and that the court erred:

In failing to charge the substantial issue that if the defendant took or received orders or sent the messages from the purchasers at their solicitation and request, and acted for them, he would not be guilty.

In charging: "If you believe from the evidence in this case, as I have stated to you, and you are satisfied beyond a reasonable doubt,

that the defendant did, at the time, place, and manner as alleged in the indictment, take orders, or contract to sell, or took orders for, or solicited personally or by agent for the sale of whisky in this county at the time and place and manner as alleged, and you believe that beyond a reasonable doubt, it would be your duty to find the defendant guilty." It is contended that the court should not have gone further than to say that the jury might, or could, or would be authorized to find a verdict of guilty on finding such facts.

It is further contended that while the court did, at the request of counsel for the accused, charge the jury that if they believed that in receiving and transmitting messages over the telephone line he in no way represented the seller of the whisky, but was acting merely as the agent of the purchaser or person sending the message, it would be their duty to find a verdict of not guilty, yet the court did not charge this as a qualification, explanation, or limitation of the general proposition previously charged (as stated in the preceding paragraph), but charged these two propositions as if they were independent of each other, and in such manner as that the one was repugnant to or negatived by the other; and that the charge as given was calculated to mislead the jury.

The State's solicitor asked a witness on the stand: "Why wasn't you here at the last term of the court?" An objection to this was sustained; whereupon the solicitor said, "I propose to show that they run him off." Counsel for the accused moved for a mistrial because of this language; and the solicitor said: "I wanted to show what was done; but if they attempt to show that ought not to be made before the jury, why I am perfectly willing for the court to pass on that. I have not said what I would do." The court said to the jury: "The remarks by counsel a minute ago, I instruct you to pay absolutely no attention to it whatever. It wasn't proper and was out of place, and you should not consider it at all in determining this case." It is contended that the court erred in not declaring a mistrial.

*Malcolm D. Jones, John S. Adams,* and *James L. Anderson,* for plaintiff in error.

*G. H. Williams, solicitor,* and *W. C. Davis,* contra.