### 2075.   CORBITT *v.* THE STATE.

HILL, C. J.   1. That members of the traverse jury which convicted the defendant asked the court to grant a new trial constitutes no ground for a new trial, and is not proper matter to be incorporated in a motion for a new trial.

2. That contempt proceedings were instituted by the solicitor-general against an attorney for the defendant in a criminal case, on the ground that the attorney had unlawfully sent or attempted to send beyond the jurisdiction of the court a material witness who was under subpœna for the State, and the court heard the contempt case in the hearing of the jurors who were subsequently impanelled to try the defendant, is not a ground for a new trial. If good at all, advantage of it should have been taken before trial, either by a request to the court to postpone the hearing of the contempt proceedings until after the trial of the criminal case, or to exclude all those summoned as jurors from the hearing of the contempt proceedings, or by challenge to the array or to the polls, or by motion to postpone or continue the case.

3. That a material witness for the defendant was taken suddenly ill during the trial, and thus prevented from testifying, is no ground for a new trial, where no motion was made to postpone or continue the trial because of the absence of such witness.

4. It is no ground for a new trial that the solicitor-general stated to the court in the hearing of the jury that he was compelled to go to trial in the absence of a material witness for the State (who was under subpœna, and against whom he asked the court to issue a rule for contempt) because the defendant, at the previous term of the court, had placed on the minutes a demand for trial.

5. In the trial of a criminal case the solicitor-general has a right to argue to the court the admissibility of proposed evidence, to state what he expects to prove by a witness, and, when such testimony is objected

to, to give his reasons for claiming that such testimony would be material and relevant. For the court to permit a statement of the proposed evidence, and argument as to its admissibility, in the hearing of the jury, will not ordinarily be ground for a new trial; and especially so where no request was made for the jury to be sent out pending such preliminary statement and argument.

6. The alleged newly discovered testimony was impeaching and cumulative, and did not require the grant of another trial.

7. The charge of the court fairly and fully presented the issues made by the evidence, and the objections to certain excerpts therefrom are without merit.

8. The record discloses no material error of law, and the evidence fully supports the verdict.                      *Judgment affirmed.*

Conviction of manslaughter; from Berrien superior court—Judge Mitchell. July 19, 1909.

Argued October 6,—Decided November 9, 1909.

*J. R. Walker, Hendricks & Christian,* for plaintiff in error.

*W. E. Thomas, solicitor-general,* contra.