### 6845. OGLETREE v. THE STATE.

RUSSELL, C. J. 1. On the trial of one charged with the unlawful use of profane and abusive language, the burden is upon the State to show that it was used without provocation, but it is not necessary for the State to show more than that there was not sufficient provocation; and in such cases the sufficiency or the insufficiency of the provocation is a matter for the jury.

2. Proof may be offered to establish any relevant fact which tends to establish the improbability or falsity of the testimony introduced in the trial. Consequently, in the present case it would have been proper to show (by proving all facts tending to induce the jury to that conclusion) that the defendant and the person to whom it was alleged he addressed certain opprobrious words and abusive language after a personal difficulty "made friends with each other" immediately before the time of the alleged use of the opprobrious words. This circumstance might strongly indicate that the language alleged was, in fact not used. However, it was not for this reason error to refuse to permit the question, "Do you know whether they made friends after this difficulty?" This question did not confine the inquiry to the res gestæ of the transaction or tend to elicit more than the mere conclusion of the witness; and his

opinion was not admissible without a statement of the facts and circumstances from which he concluded that the parties had made friends.

3. The evidence seems to preponderate in favor of the defendant, but the jurors are the exclusive judges as to this, and their finding, approved by the trial judge, in the absence of any error in the trial, can not be disturbed.　　　　　　　　　　　　　　　　*Judgment affirmed.*

DECIDED MAY 1, 1916.

Accusation of misdemeanor; from city court of Greensboro — Judge Sibley. June 17, 1915.

*Alvin G. Golucke,* for plaintiff in error.

*James Davison, solicitor,* contra.