### 26955. DUNCAN *v.* THE STATE.

DECIDED OCTOBER 25, 1938.

*Ragsdale & Denton,* for plaintiff in error.
*Hal C. Hutchens, solicitor-general,* contra.

GUERRY, J. ■ "'A party can not support the testimony of his own witness before he is attacked either for want of character or because he has made contradictory statements.' *Hamilton* v. *Conyers,* 28 *Ga.* 276. 'Until the adverse party attacks the credibility of a witness, either for bad character or because of contradictory statements, the party calling him can not introduce evidence in support of his character for veracity. A mere conflict between the testimony of a witness and that of others who have testified on the opposite side will not authorize the admission of evidence to sustain the credibility of such witness.' *Anderson* v. *Southern Ry. Co.,* 107 *Ga.* 500 (33 S. E. 644). See also *Travelers Insurance Co.* v. *Sheppard,* 85 *Ga.* 751 (12 S. E. 18); *Miller* v. *W. & A. R. Co.,* 93 *Ga.* 480 (21 S. E. 52); *Bell* v. *State,* 100 *Ga.* 78 (27 S. E. 669); *Barco* v. *Taylor,* 5 *Ga. App.* 372 (63 S. E. 224); *McAllister* v. *State,* 7 *Ga. App.* 541 (67 S. E. 221); *Holland* v. *State,* 17 *Ga. App.* 311 (86 S. E. 739); *Stewart* v. *State,* 37 *Ga. App.* 386 (140 S. E. 415)." *Vernon* v. *State,* 49 *Ga. App.* 187 (174 S. E. 548). In the present case, wherein the defendant was charged with assault and battery upon the prosecutor, which charge arose out of a collision of the defendant's automobile with that of the prosecutor (see *Maloney* v. *State,* 57 *Ga. App.* 265, 195 S. E. 209), while the testimony of the witnesses for the defendant and those for the State may have differed as to the details of the wreck and as to what was said by the prosecutor at the time, there was no effort to impeach the prosecutor by proof of contradictory statements within the meaning of the Code, § 38-1803; and under the above authorities the judge erred in allowing the State to elicit from a witness evidence of the good character of the prosecutor, over timely objection.

■ Competent evidence, tending to show that the prosecution was instituted from improper motives, or affecting the credibility of the prosecutor as a witness, such as showing the state of his feelings to the defendant, is always admissible for the consideration of the jury. Code, § 38-1712; *McCullough* v. *State,* 11 *Ga. App.* 612 (4) (76 S. E. 393); *Billings* v. *State,* 8 *Ga. App.* 672 (70 S. E. 36); *Faulk* v. *State,* 47 *Ga. App.* 804 (171 S. E. 570). The defendant should be allowed a wide latitude to fully cross-examine the prosecutor upon these points. We are of the opinion that the court erred in refusing to allow counsel for the defendant, on

cross-examination of the prosecutor, to ask, and in refusing to allow the witness to answer, questions concerning his motive in prosecuting the defendant, and whether it was not solely because the defendant refused to repair the damage done to his automobile.

■ The remaining assignments of error are not passed on, as not likely to recur on a new trial of the case. Nor do we pass on the sufficiency of the evidence to support the verdict, in view of the fact that there must be another trial of the case for errors of law committed, prejudicial to the defendant.

*Judgment reversed. MacIntyre, J., concurs. Broyles, C. J., dissents.*

BROYLES, C. J., dissenting. It is well settled by repeated rulings of the Supreme Court and of this court that a special ground of a motion for new trial must be complete within itself, and that the reviewing court will not refer to the brief of the evidence or to any other part of the record in order to make the ground complete and understandable. In this case special ground 2 of the motion for new trial is as follows: "Because the court erred when he allowed the solicitor-general to prove by one R. J. Hardin and J. W. Womack that R. Shepard, the main witness for the State, was a man of good character, over the timely objections of the defendant's counsel on the grounds that it was an attempt to bolster up the evidence of the said main witness when his *character* [italics mine] had not been attacked." A party can support the testimony of his own witness by introducing evidence that such witness is a man of good character, where the opposite party has attacked the witness, either for want of character *or because he has made contradictory statements.* The ground in this case alleges that the *character* of the witness had not been attacked, but it fails to allege that the witness had not been attacked *for making contradictory statements.* The ground, therefore, fails to show that the admission of the evidence complained of was error.