## 47186. WILLIAMS v. THE STATE.

EBERHARDT, Presiding Judge. Harold Williams was convicted of robbery by force as defined in *Code Ann.* § 26-1901, received a sentence of 15 years in the penitentiary and he appeals from the judgment and sentence, enumerating as error (1) refusal of the court to permit defendant's counsel to cross examine the victim of the robbery as to whether he had written a letter to the district attorney informing him that he did not wish to testify in the case, and (2) denial of a mistrial when the State tendered in evidence certified copies of convictions on four other robberies by the accused several years previously in another county. *Held:*

1. At common law it was a penal offense for any citizen having knowledge of the commission of a crime to fail to report it and assist in producing the evidence. Statute of Westminster the First, 3 Edw. I, c. IX, p. 43; Statute of Westminster, 13 Edw. I, c. VI, pp. 114-115; Sheriffs Act of 1887, 50 & 51 Vict. c. 55, § 8 (1); 4 Blackstone Commentaries, c. 21, 293-295; 2 Holdsworth, History of English

Law (3d Ed.) 80-81, 101-102; 4 Ibid. 521-522. Lord Bacon asserted in the Countess of Shrewsbury's case, 2 Howell's State Trials, 769, 788, that all subjects owed to the King their "knowledge and discovery." The first Congress took note of the matter, providing punishment for one who, having knowledge of the commission of a felony, concealed the matter and failed to report it, and the statute is still found in 18 USC § 4. And see Bratton v. United States, 73 F2d 795; United States v. Farrar, 38 F2d 515; United States v. Norman, 391 F2d 212. Under the law of this State one who has knowledge that a crime has been committed, fails to report it and harbors the criminal, or secretes the fruits of the crime, becomes an accessory after the fact. *Moore v. State,* 94 Ga. App. 210 (94 SE2d 80). While it is not an offense for the victim of a crime to express a desire not to appear and testify against the accused, our public policy places on him a duty to report the matter to proper officers and, upon a trial of the case, to appear and assist the State in revealing to the jury the truth of the matter in order that justice may be done.

It is the obligation and duty of every witness (unless there is danger of incriminating himself) to testify, revealing as best he knows or can the "truth and the whole truth" of the matter in issue. They are sworn so to do.

"Reporting criminal behavior is expected or even demanded of the ordinary citizen. Friends may be subpoenaed to testify about friends, relatives about relatives and partners about partners. . . Neither the ordinary citizen nor the confessed criminal should be discouraged from reporting what he knows to the authorities and from *lending his aid to secure evidence of crime."* (Emphasis supplied.) Justice White, dissenting, in Massiah v. United States, 377 U. S. 201, 211 (84 SC 1199, 12 LE2d 246).

It is equally the duty of one having knowledge of the commission of a crime to appear and testify upon a trial of the case.

From the beginning of their existence both this court and

the Supreme Court have opposed the fashioning of exclusionary rules that shut out facts which may assist the jury in arriving at the truth of the issue committed to them for trial. *Haynes v. State,* 17 Ga. 465. But this does not mean that evidence is to be admitted unless it has relevance to the issue to be tried, that is to say, unless in some way it tends to show the guilt or innocence of an accused as to the offense for which he is being tried. *Code* § 38-201. For example, testimony of the prosecutor the he had the accused arrested on suspicion is wholly irrelevant and is not to be admitted. *Moughon v. State,* 57 Ga. 102 (8). Nor is it admissible to show that some person other than the accused has admitted that he committed the offense. Id., hn. 3. Counsel is not entitled to elicit from a prosecution witness what the solicitor general tried to get him to testify to. *Kryder v. State,* 57 Ga. App. 200 (194 SE 890). The expense of the prosecution in preparing and conducting the trial is an irrelevant matter. *Campbell v. State,* 81 Ga. App. 834 (60 SE2d 169). That the accused and the prosecutor may have, since the commission of the offense, "made up" and become good friends, is irrelevant. *Ogletree v. State,* 18 Ga. App. 41 (88 SE 751). Matters of this kind do not, in any reasonable degree, tend to establish the probability, or lack thereof, of the issue in controversy. *Alexander v. State,* 7 Ga. App. 88 (66 SE 274). While the policy of the courts in the admission of evidence is one of liberality, yet there must be some ground rules by which a trial may be orderly conducted.

This is not to say that evidence which tends to show that the prosecution stems from some animus of the prosecutor is not to be admitted. *Duncan v. State,* 58 Ga. App. 551, 552 (199 SE 319). This might very well bear upon his credibility as a witness, though it would not otherwise affect the question of the defendant's guilt. If his credibility were attacked on that ground it would then be admissible for the State to show that the feelings of the witness toward the accused were good. *Whitlow v. State,*

74 Ga. 819.

It is within the province of the district attorney to assess the case and determine whether, in the public interest, a recommendation of nolle prosequi shall be made to the court. *Code* § 27-1801. If the prosecutor made a request upon the district attorney that the matter be discontinued, or that he be excused from testifying, it is presumed that the district attorney has, in the performance of his duty, determined that it is in the interest of the public that this not be done. That is not a matter with which the jury is concerned, nor is evidence thereof admissible. Every public official is presumed to perform the duties of his office in accord with the duties imposed by law upon him and in a lawful manner. *Marshall v. Russell,* 222 Ga. 490 (1) (150 SE2d 667); *Kight v. Gilliard,* 215 Ga. 152 (109 SE2d 599); *Bingham v. Citizens & Southern Nat. Bank,* 205 Ga. 285, 287 (53 SE2d 228); *Steele v. Steele,* 203 Ga. 505, 508 (46 SE2d 924); *Fine v. Dade County,* 198 Ga. 655, 663 (32 SE2d 246). When he has presented to the jury the evidence at his command which bears upon the guilt or innocence of the defendant he has performed that duty, and it becomes the province of the jury to determine whether the defendant be guilty or innocent. Even he may not, without the consent and approval of the court, enter the nolle prosequi. Thus, with this safeguard, the wishes or the request of a prosecution witness that the matter be discontinued or that he be excused from testifying is a wholly irrelevant matter upon the trial. The court may inquire into it before consenting to the entry of a nolle prosequi, but that is in a different context. The district attorney represents the State—not the victim of the robbery—and his duty is to the whole of society.

2. It appears that at the conclusion of the evidence the district attorney tendered in evidence certified copies of four indictments and convictions showing the commission of robberies by the defendant on prior occasions. Defendant immediately objected to admission of these and moved

for a mistrial. The district attorney urged that these were tendered solely for showing a bent of mind, intent, motive and identity of the defendant. The court, observing that the last of the offenses was committed in 1953, excluded the evidence and overruled the motion for mistrial. The motion was renewed and again overruled.

The exclusion of the evidence was proper. *Bacon v. State,* 209 Ga. 261 (71 SE2d 615). The court instructed the jury to "base your verdict upon testimony which is introduced from the stand, and you are not to consider any evidence which was offered but was not admitted, and any statement made by either counsel is not evidence, so until this evidence was actually admitted for your consideration you should disregard it completely." The indictments were never admitted.

This action of the court rendered harmless the tender of the indictments. "When evidence is offered and its admissibility is challenged, counsel may state the reason why such testimony should be allowed; and if what he says is in good faith and not calculated to prejudice the jury, it affords no ground for declaring a mistrial, and the objecting party cannot justly complain thereof, especially when the court instructs the jury that they should not be influenced thereby." *Walker v. State,* 124 Ga. 97 (5) (52 SE 319). "For the court to permit a statement of the proposed evidence, and argument as to its admissibility, in the hearing of the jury, will not ordinarily be ground for a new trial; and especially so where no request was made for the jury to be sent out pending such preliminary statement and argument." *Corbitt v. State,* 7 Ga. App. 13 (5) (66 SE 152). The record discloses that the judge observed at the time of ruling on the motion for mistrial that there had been no request to send the jury out. "Ordinarily it is not cause for a mistrial in a criminal case that the solicitor general merely tenders illegal testimony, where the court refuses to admit it, and instructs the jury not to consider it." *Herring v. State,* 10 Ga. App. 88

(2) (72 SE 600). Accord: *Blocker v. State,* 58 Ga. App. 560 (3) (199 SE 444).

    *Judgment affirmed. Deen and Clark, JJ., concur.*
SUBMITTED MAY 8, 1972—DECIDED MAY 15, 1972.

*Coleman, Blackburn, Kitchens & Bright, J. Converse Bright,* for appellant.
*George A. Horkan, Jr., District Attorney,* for appellee.