**In re Kenneth T. SMITH, Debtor.**

**Kenneth T. Smith, Plaintiff,**

v.

**Tommy Goode and Georgia Department of Labor, Defendants.**

**Bankruptcy No. 01–12537–JDW.**
**Adversary No. 03–1004–JDW.**

United States Bankruptcy Court,
M.D. Georgia,
Albany Division.

Oct. 24, 2003.

Cawthon H. Custer, Albany, GA, for Debtor.

W. Wright Banks, Jr., Atlanta, GA, for Defendants.

## MEMORANDUM OPINION

JAMES D. WALKER, JR., Bankruptcy Judge.

This case arises from a dispute between Defendants, the Georgia Department of Labor (the "Department") and Tommy Goode, and Debtor Kenneth T. Smith, regarding certain unemployment insurance benefits received by Debtor and a subsequent criminal action initiated by Defendants. Debtor filed a Motion to Enjoin the criminal action and a Motion for Attachment for Contempt on November 12, 2002. The motions were subsequently converted to this adversary proceeding on February 13, 2003. Defendants filed a motion to dismiss based on sovereign immunity and failure to state a claim. The Court denied the motion. 2003 WL 22092690 (Bankr.M.D.Ga.2003), *vacated* by order of September 29, 2003. Defendants subsequently filed a motion for reconsideration of their motion to dismiss and a motion for summary judgment on June 23, 2003. The Court granted the motion for reconsideration and vacated its order on the motion to dismiss. The Court now grants Defendants' motion for summary judgment. This is a core matter within the meaning of 28 U.S.C. § 157(b)(2)(O).

## Standard

Summary judgment is governed by Federal Rule of Civil Procedure 56, made applicable to adversary proceedings through Federal Rule of Bankruptcy Procedure 7056. Under Rule 56, a party is entitled to summary judgment when the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R.Civ.P. 56(c); *McCaleb v. A.O. Smith Corp.,* 200 F.3d 747, 750 (11th Cir.2000). A material fact is one that affects the outcome of the case under the applicable substantive law. *Anderson v. Liberty Lobby Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986).

## Undisputed Facts

After Defendants filed their motion for summary judgment, including a statement of uncontested facts pursuant to Local Bankruptcy Rule 7056–1(a),[1] Debtor failed to timely respond in any manner. The Court offered Debtor an extension to rectify the situation. Debtor responded by filing a brief, an affidavit, and several uncertified copies of documents. Debtor's failure to file a statement of contested facts[2] allows the Court to deem the facts submitted by Defendants to be admitted, but does not require the Court to do so.[3] The Court will deem Defendants' facts to be admitted only to the extent they do not conflict with any facts presented in Debtor's brief or affidavit. Furthermore, the Court will not recognize any "facts" proffered by Defendants that are conclusory rather than factual in nature.

1. "Upon filing any motion for summary judgment pursuant to FRBP 7056, the movant shall file a separate, short, and concise statement of the uncontested facts as to which the movant contends there is no genuine issue to be tried[.]" LBR 7056–1(a).

2. "The party or parties opposing a motion for summary judgment shall file a separate, short, and concise statement of the material facts as to which it is contended that there exists a genuine issue to be tried[.]" LBR 7056–1(b).

3. "All material facts set forth in the statement served by the moving party *may* be deemed admitted unless controverted by the statement required to be served by the opposing party or parties." LBR 7056–1(c) (emphasis added).

After examining the pleadings, answers to interrogatories, answers to requests for admissions, affidavits, certified documents, Defendants' statement of uncontested facts, and the briefs of the parties, the Court finds the following facts to be undisputed:

In 1998, Debtor received unemployment benefits from the Department. He was receiving those benefits at the time he became employed by the Scruggs Company. He continued to receive benefits for a time after beginning to work at Scruggs and did not immediately inform the Department that he had obtained employment. In 2000 and 2001, Debtor made some effort to repay money he had received while employed, but ceased doing so when he experienced financial difficulty. On July 26, 2001, Mr. Goode, an agent of the Department, swore out a criminal warrant against Debtor for fraudulently obtaining unemployment benefits pursuant to Official Code of Georgia Annotated ("O.C.G.A.") § 34–8–256(a).[4]

Debtor filed a Chapter 13 case on December 21, 2001, and listed the Department as an unsecured creditor owed $4,313. Also on December 21, 2001, Debtor filed a Chapter 13 plan that proposed to pay unsecured creditors 100 percent of their claims. The Department was notified of the bankruptcy case and filed a proof of claim on January 14, 2001. The Department did not indicate the amount of its claim; instead, in the box provided for reporting the total amount of the claim, the Department wrote, "notice only." Debtor objected to the claim, and the Court entered an order disallowing the claim on July 12, 2002.

Debtor was incarcerated on the criminal warrant on August 17, 2002. On February 6, 2003, a Thomas County grand jury indicted Debtor of fraudulently obtaining unemployment benefits in the amount of $4,480 between September 27, 1998 and December 13, 1998. Mr. Goode was listed as the prosecutor and a witness on the indictment; J. David Miller was listed as the district attorney.

The only serious factual dispute between the parties concerns an alleged agreement for Debtor to repay improperly obtained benefits. The Department has not specifically disputed the existence of an agreement.[5] In fact, Mr. Goode acknowledged that he was aware that Debtor had been submitting money to the Department. However, Mr. Goode does contest Debtor's assertion that Mr. Goode promised Debtor respite from criminal prosecution if Debtor repaid the Department for the excessive benefits Debtor received. However, the dispute over the agreement does not affect the outcome of the case and, thus, is not a material fact. Consequently, it does not

---

4. O.C.G.A. § 34–8–256(a) (1998) provides as follows:

Any person who knowingly makes a false representation or knowingly fails to disclose a material fact to obtain or increase any benefit or payment under this chapter or under an employment insurance act of any other state or government, either for himself or herself or for any other person, whether such benefit or payment is actually received or not, shall upon conviction be guilty of a misdemeanor. Each such act shall constitute a separate offense. However, if a false representation or failure to disclose a material fact occurs with respect to more than one claim, which claim was made in more than one benefit year, or if the benefits received under this chapter which were the subject of a false representation or failure to disclose a material fact exceed $4,000.00, any such person shall upon conviction be guilty of a felony and shall be punished by imprisonment for not less than one nor more than five years or fined not less than $1,000.00 or shall be subject to both such fine and imprisonment.

5. Defendants have argued that any such agreement is unenforceable.

prevent the Court from issuing a summary judgment.

## Conclusions of Law

### Sovereign Immunity

■ Defendants have asserted sovereign immunity in this case. This Court has recently held that states surrendered their sovereign immunity in bankruptcy when they ratified the U.S. Constitution. *Roberts v. Georgia Dep't of Revenue (In re Roberts)*, No. 03–51856, Adversary Proceeding No. 03–5225, 2003 WL 22439869, slip op. at 4 (Bankr.M.D.Ga. Sept. 15, 2003) (Walker, J.). Thus, any attempt to exercise such immunity is futile as the Department cannot assert immunity that it does not possess.

■ Even if the Department did retain sovereign immunity, it waived that immunity by filing a proof of claim in this case. In *Gardner v. New Jersey*, the Supreme Court held that when a state files a claim in a bankruptcy case, it "waives any immunity ... respecting the adjudication" of that claim. 329 U.S. 565, 574, 67 S.Ct. 467, 472, 91 L.Ed. 504 (1947). In *Georgia Dep't of Revenue v. Burke (In re Burke)*, 146 F.3d 1313 (11th Cir.1998), the Eleventh Circuit Court of Appeals found that by filing a proof of claim, the state waived its sovereign immunity in adversary proceedings for violation of the automatic stay and violation of the discharge injunction. *Id.* at 1319. In this case, the Court disallowed the Department's claim. Creditors whose claims have been disallowed are not free to collect the debt outside of bankruptcy. Thus, a determination of whether the Department is attempting to collect its debt through a criminal proceeding is well within the scope of sovereign immunity waiver as articulated in *Burke*.

### Injunction of the State Criminal Proceeding

■ With respect to Debtor's request for an injunction, the Court begins with the allegation in Debtor's complaint that Defendants' actions in pursuing a criminal prosecution frustrate the automatic stay. Generally, the filing of a bankruptcy petition acts to stay, or enjoin, all court proceedings. 11 U.S.C.A. § 362(a)(1) (West 1993 & Supp.2003). However, the stay does not apply to "the commencement or continuation of a criminal action or proceeding against the debtor[.]" *Id.* § 362(b)(1). This language has been broadly interpreted to encompass all criminal proceedings, regardless of their purpose, i.e., criminal cases commenced solely to collect a debt are unaffected by the automatic stay. *Gruntz v. County of Los Angeles*, 202 F.3d 1074, 1087 (9th Cir. 2000); *but see Sheppard v. Piggly Wiggly (In re Sheppard)*, No. 99–41085, 2000 WL 33743081, at *2 (Bankr.M.D.Ga. Jan. 6, 2000) (finding that a criminal warrant for writing bad checks violated the automatic stay). Thus, regardless of Defendants' purpose in initiating the criminal process, that action does not violate the automatic stay.

■ Although a criminal prosecution cannot be automatically stayed, it can be subject to a separate injunction imposed pursuant to the bankruptcy court's Section 105(a) power.[6] This is confirmed by the legislative history to Section 362(b), which states that while criminal prosecutions "generally should not be stayed automatically upon the commencement of the case, for reasons of either policy or practicality," the court may still "determine on a case-by-case basis whether a particular action which may be harming the estate should

---

**6.** "The court may issue any order, process, or judgment that is necessary or appropriate to

carry out the provisions" of the Bankruptcy Code. 11 U.S.C.A. § 105(a) (West 1993).

be stayed." H. Rept. No. 95–595 to accompany H.R. 8200, 95th Cong., 1st Sess. (1977), p. 342, U.S.Code Cong. & Admin.News 1978, pp. 5963, 6298–99, *reprinted in* C Collier on Bankruptcy, App. Pt. 4(d)(i) (15th ed. rev'd 2003); *see also Gruntz*, 202 F.3d at 1087 ("The bankruptcy court's injunctive power [under § 105(a)] is not limited by the delineated exceptions to the automatic stay, nor confined to civil proceedings."); *but see Simonini v. Bell (In re Simonini)*, No. 02–2021, 2003 WL 21500197, at *2 (4th Cir. July 1, 2003) (unpublished) ("allowing an injunction of a state criminal proceeding would achieve ends contrary to § 362(b) and would disregard the clear language and meaning of other bankruptcy rules").

The United States Supreme Court addressed the ability of federal courts to provide equitable relief from state criminal prosecution in *Younger v. Harris,* 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971), a nonbankruptcy case. In *Younger,* the Court recognized a long-standing policy of noninterference by federal courts into state court proceedings that is rooted in concepts of equity jurisprudence and comity. *Id.* at 43–44, 91 S.Ct. at 750. That policy has been embodied in the Anti–Injunction Act. *Id.* at 43, 91 S.Ct. at 750 (citing 28 U.S.C.A. § 2283 (West 1994)). Pursuant to that Act, a federal court may enjoin a state court proceeding only (1) when expressly authorized to do so by Congress; (2) when " 'necessary in aid of its jurisdiction' "; or (3) " 'to protect or effectual its judgments.' " *Id.,* 91 S.Ct. at 749 (quoting 28 U.S.C.A. § 2283). In addition, courts have recognized an exception when "a person about to be prosecuted in a state court can show that he will, if the proceeding in the state court is not enjoined, suffer irreparable damages." *Id.*

(citing *Ex parte Young,* 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908)).

The Eleventh Circuit Court of Appeals has construed *Younger* as creating a two-prong test for the injunction of a state criminal prosecution by a bankruptcy court: First, there must be a threat of great and immediate injury. *Barnette v. Evans,* 673 F.2d 1250, 1252 (11th Cir.1982). Second, the injunction must be "necessary to preserve a federally protected right." *Id.* In *Barnette,* the debtor, after filing for bankruptcy, had been indicted for theft by deception for writing bad checks, but had not been convicted. If he were convicted, he would have been required to make restitution to his victim. *Id.* at 1251. The bankruptcy court enjoined prosecution of the debtor to prevent interference with a discharge order that might be entered in the future. *Id.* The court of appeals reversed. *Id.* First, the court found that the debt was unlikely to be dischargeable, so there was no great and immediate danger of injury, i.e., no threat to the debtor's discharge. *Id.* at 1252. Second, the court found that bankruptcy does not protect a debtor from being required to make restitution as part of a criminal proceeding, even if the underlying debt is discharged. *Id.* (citing *United States v. Carson,* 669 F.2d 216, 218 (5th Cir.1982)). Thus, there was no federal right to be preserved. *Id.* So, the debtor in *Barnette* failed to prove both prongs of the *Younger* doctrine.

Debtor's circumstances in the present case are similar to those in *Barnette* in that he has not yet been convicted and ordered to make restitution,[7] and no discharge order has been entered. Unlike *Barnette,* however, the underlying debt in this case could be discharged. In Chapter 13, debts arising from the debtor's fraud

---

7. Restitution is not mandated in this case.

are dischargeable.[8] 11 U.S.C.A. § 1328(a) (West Supp.2003). But, the lack of a criminal conviction and the lack of a discharge order make any interference with the discharge a distant and speculative event, rather than a great and immediate threat. Even if it were great and immediate, according to *Barnette,* Debtor has no federal right to be protected from making restitution on a discharged debt. 673 F.2d at 1251.

However, in this case Debtor has not raised the arguments made in *Barnette.* Rather, he bases his request for an injunction on his allegation that the criminal proceeding against him was initiated by Defendants in bad faith after agreeing to allow Debtor to repay the debt in lieu of prosecution. Although he had ceased sending in checks, his Chapter 13 plan contemplated full repayment. Thus, Debtor contends, the prosecution was only initiated to collect a debt that would be repaid in bankruptcy.

■ While "subversion of the criminal process to collect debt" may be considered under the *Younger* doctrine, *see Barnette,* 673 F.2d at 1252, Debtor has provided no evidence to support his bare allegations that such subversion occurred in this case. The timeline looks suspicious. Mr. Goode did not initiate criminal proceedings until after Debtor ceased repaying the debt. However, absent some evidence of collusion with the district attorney, Mr. Goode's motives are irrelevant. *See Tenpins Bowling, Ltd. v. Alderman (In re Tenpins Bowling, Ltd.),* 32 B.R. 474, 481 (Bankr. M.D.Ga.1983). In Georgia, the district attorney directs the prosecution. *State v. Perry,* 261 Ga.App. 886, 887, 583 S.E.2d 909, 910 (2003). It is the prosecutor's discretion, not the whims of the complaining witness, that determines whether a criminal case will proceed. *Id.* As a result any agreement between the complaining witness—Mr. Goode—and Debtor is immaterial because there is no allegation that such an agreement affected the district attorney's decision to prosecute. *See Tenpins,* 32 B.R. at 481. In fact, the district attorney's motives in this case have not been drawn into question at all. Thus, there are no facts from which to conclude that the prosecution against Debtor is being pursued in bad faith. As the court in *Davis v. Sheldon (In re Davis),* 691 F.2d 176 (3d Cir.1982) stated, "The [debtors] have made no showing that the Attorney General had any reason to doubt the validity of the charges, that he failed to exercise independent judgment in continuing these prosecutions, or that the complaining witnesses had insufficient evidence to support their allegations.... Under these circumstances, the intentions of the complaining witnesses are not controlling in judging the good faith of a criminal prosecution." *Id.* at 179.

Even if Debtor could prove bad faith, there is no evidence that he would be unable to raise that bad faith as a defense in the state court. On the contrary, the Georgia Court of Appeals has held that "[c]ompetent evidence, tending to show that the prosecution was instituted from improper motives ... *is always admissible*" in a criminal case. *Duncan v. State,* 58 Ga.App. 551, 552, 199 S.E. 319, 320 (1938) (emphasis added).

Because Debtor has failed to show either the threat of great and immediate injury or the inability to preserve a federally protected right in the state court proceeding, the Court cannot enjoin his state

---

**8.** The Court offers no opinion as to whether the debt arose through Debtor's fraud or whether the debt is dischargeable.

criminal prosecution. Thus, the Court will grant Defendants' motion for summary judgment.

An Order in accordance with this Opinion will be entered on this date.

## ORDER

In accordance with the Memorandum Opinion entered on this date, the Court hereby GRANTS Defendants Georgia Department of Labor and Tommy Goode's motion for summary judgment.