**In the Matter of Terry Carl PERRY and Marilyn Miller Perry, Debtors.**

**Terry Carl Perry, Plaintiff,**

v.

**Becky Jones and Randy Jones, Defendants.**

**Bankruptcy No. 03–31648 RFH. Adversary No. 04–3030.**

United States Bankruptcy Court, M.D. Georgia, Athens Division.

Sept. 3, 2004.

W. Ross McConnell, Athens, GA, for Plaintiff.

Thomas M. Strickland, Athens, GA, for Defendants.

### MEMORANDUM OPINION

ROBERT F. HERSHNER, JR., Chief Judge.

Becky Jones and Randy Jones, Defendants, filed a motion to dismiss on August 19, 2004. Terry Carl Perry, Plaintiff, filed a response on August 30, 2004. The Court, having considered the record and the arguments of counsel, now publishes this memorandum opinion.

The Court, in considering the motion to dismiss, will accept as true the well plead facts in Plaintiff's complaint. Defendants bear a "very high burden" of showing that Plaintiff cannot conceivably prove any set of facts that would entitle him to relief. *Dudley v. Citicorp Mortgage, Inc. (In re Dudley)*, Ch. 7 Case No. 02–51225 RFH, Adv. No. 02–5087, 2003 WL 164255 (Bankr.M.D.Ga., Jan. 10, 2003).

Defendants hired Plaintiff to construct an addition to their home. Plaintiff subcontracted with Puckett Foundations to provide materials and labor. Plaintiff received certain payments from Defendants. Plaintiff failed to pay his subcontractor, Puckett Foundations.

Plaintiff and his wife filed a joint petition under Chapter 13 of the Bankruptcy Code on September 17, 2003. Defendants and Puckett Foundations knew that Plaintiff had filed for bankruptcy relief. Defendants, on September 19, 2003, filed with the Magistrate Court of Madison County, Georgia, an Application For Warrant Issuance Hearing. The application alleges, in part, that Plaintiff had failed to pay Puck-

ett Foundations. Puckett Foundations filed on October 3, 2003, a materialman's lien against Defendants' property for the purpose of collecting the debt owed by Plaintiff.

The Honorable Harry F. Rice, Chief Magistrate of the Magistrate Court of Madison County, conducted a hearing on October 16, 2003, on Defendants' application for a warrant. Becky Jones testified that no criminal charges would be brought if Plaintiff paid the debt owed to Puckett Foundations and if the materialman's lien was removed. About one week later, Becky Jones told Plaintiff that Judge Rice would find probable cause to issue a warrant for Plaintiff's arrest unless he paid the debt to Puckett Foundations. Plaintiff filed a Plea in Stay with the magistrate court on October 23, 2003. Plaintiff's counsel told Judge Rice that Plaintiff's debt to Puckett Foundations was dischargeable in bankruptcy and that "the case lacked criminal culpability." Sometime later, Plaintiff learned that a criminal warrant for his arrest had been issued. Plaintiff surrendered to the Sheriff of Madison County on December 1, 2003. Plaintiff was released on bond.

Plaintiff filed this adversary proceeding on June 1, 2004.[1] Plaintiff contends that Defendants, Puckett Foundations, Judge Rice, and the District Attorney (Robert Lavender), conspired to willfully violate the automatic stay of the Bankruptcy Code. 11 U.S.C.A. § 362. Plaintiff contends that the criminal proceedings are being used to collect a civil debt. Plaintiff seeks sanctions, injunctive relief, and damages. Defendants filed a motion to be dismissed as defendants.[2]

■ The automatic stay does not stay the commencement or continuation of a criminal action or proceeding against a debtor in bankruptcy. 11 U.S.C.A. § 362(b)(1) (West 1993).

"[C]riminal cases commenced solely to collect a debt are unaffected by the automatic stay." *Smith v. Goode (In re Smith)*, 301 B.R. 96, 100 (Bankr.M.D.Ga. 2003) (Walker, J.).

■ Under Georgia law, a contractor commits a felony if he, with intent to defraud, fails to use the proceeds of any payment made to him to pay subcontractors for improvements made to real property. The failure to pay subcontractors is prima-facie evidence of intent to defraud. O.C.G.A. § 16–8–15 (2003).

Plaintiff admits that he received payments from Defendants. Plaintiff admits that he failed to pay his subcontractor, Puckett Foundations. Thus, Plaintiff admits the elements of a prima-facie case under O.C.G.A. § 16–8–15. The automatic stay does not stay the commencement or continuation of a criminal action.

■ The Court is not persuaded that Defendants violated the automatic stay. 11 U.S.C.A. § 362(h) (individual injured by willful violation of stay entitled to recover damages). The Court is persuaded that Plaintiff's request for sanctions and damages must be denied.

■ Plaintiff also seeks injunctive relief. In *Barnette v. Evans*,[3] the Eleventh Circuit Court of Appeals "established a two-prong test for determining whether the court should enjoin a state criminal prose-

---

**1.** Plaintiff has filed a motion for leave to amend his complaint. The Court has considered the amendment in deciding the issues presented in this motion to dismiss.

**2.** The Court has previously dismissed Puckett Foundations, Judge Rice, and Robert Lavender as defendants in this adversary proceeding.

**3.** 673 F.2d 1250 (11th Cir.1982).

cution of a debtor on the ground that the prosecution will frustrate the bankruptcy judge's jurisdiction to discharge debt. First, a debtor must establish that the criminal prosecution is brought in bad faith. Second, a debtor must establish that it would be no defense to the criminal prosecution that the prosecution was brought for the purpose of collecting a debt." *Sheppard v. Piggly Wiggly (In re Sheppard)*, 2000 WL 33743081 (Bankr. M.D.Ga.2000) (Laney, J.).

*See also Anderson v. Greenway (In re Anderson)*, Ch. 13, Case No. 94–30637 (Bankr.M.D.Ga. July 31, 1996) (Hershner, J.).

Plaintiff has not been tried, convicted, or ordered to make restitution. Plaintiff has not received a discharge in bankruptcy. Plaintiff has not shown that there is a great and immediate threat of injury or that an injunction is necessary to preserve a federally protected right. *In re Smith*, 301 B.R. at 101–02.

█ Plaintiff, has set forth no facts or legal authority to demonstrate that a "debt collection defense" could not be raised in the state court criminal proceeding.[4] The Court is persuaded that Plaintiff is not entitled to injunctive relief. The Court is persuaded that Defendants' motion to be dismissed as defendants should be granted.

An order in accordance with this memorandum opinion shall be entered this date.

---

4. " '[C]ompetent evidence, tending to show that the prosecution was instituted from improper motives … *is always admissible*' in a criminal case." *In re Smith*, 301 B.R. at 102 (quoting *Duncan v. State*, 58 Ga.App. 551, 552, 199 S.E. 319, 320 (1938) (emphasis added)).